## Power to Make General Appropriations For More than One Fiscal Year

440

WALTER E. ALESSANDRONI, Attorney General, January 25, 1966.—We have your request to be advised concerning the following questions:

1. Does the State Constitution require that all appropriations made by the General Appropriations Act be for the same period of time?

2. May the General Appropriations Act contain appropriations for more than one fiscal year?

1. The scope of the general appropriation bill is set forth in article III, sec. 15, of the Pennsylvania Constitution, as follows:

"The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative and judicial departments of the Commonwealth, interest on the public debt and for public schools; all other appropriations shall be made by separate bills, each embracing but one subject".

The only other provision in the Constitution applicable specifically to the general appropriation bill is found in article III, sec. 3, which excludes general appropriation bills from the requirement that no bill "shall be passed containing more than one subject, which shall be clearly expressed in its title".

Other provisions in the Constitution applicable to appropriations are not limited to either general or special appropriations. For example, article III, sec. 16 prohibits the payment of money out of the treasury,

except on appropriations made by law. Article III, sec. 17, requires a two-thirds vote for appropriations to charitable or educational institutions not under absolute control of the Commonwealth. Article III, sec. 18, prohibits appropriations to any person or community or any denominational or a sectarian institution for charitable, educational or benevolent purposes, with certain specific exceptions. Article IV, sec. 16, authorizes the Governor to disapprove any item in an appropriation act.

The term "ordinary expenses", embraced in the general appropriation bill under article III, sec. 15, of the Constitution, has been construed on several occasions. In 1895-96 Op. Atty. Gen. 58, it was indicated that the legislature had the right to determine what were the ordinary expenses of the various branches of the State government, relying on Commonwealth ex rel. Greene v. Gregg, 161 Pa. 582, 587 (1894).

In Formal Opinion No. 51, 1931-32 Op. Atty. Gen. 100, it was ruled that in declaring every item in the general appropriation act to be for "an ordinary expense" of the State government, the action of the legislature was presumed to be constitutional. See also Official Opinion 126, 1958 Op. Atty. Gen. 254, 255.

Thus, it appears that the legislature has the plenary power to determine what expenses were "ordinary" so as to be includable in the general appropriation bill.

The only other constitutional limitation upon the legislative power to make appropriations is found in article IX, sec. 4, which provides that "the debt created to supply deficiencies in revenue shall never exceed, in the aggregate at any one time, one million dollars". Under this provision, it has generally been held that appropriations should not exceed estimated revenues by more than $1,000,000, and if they do, nonpreferred appropriations abate pro rata, so as to be within biennium receipts and cash on hand.

In Commonwealth ex rel. Schnader v. Liveright, 308 Pa. 35, 66-68 (1932), the court construed article IX, sec. 4, as follows:

"This section was intended to restrict legislative acts which incurred obligations or permitted engagements on the credit of the State *beyond revenue in hand or anticipated through a biennium*, and establishes the principle that we must keep within current revenue and $1,000,000. . . . Such debt may not be directly incurred by statute, nor through an appropriation in excess of current revenue for a gratuity or any purpose". (Italics supplied.)

In affirming the legislative power to make appropriations, the court said:

"Legislative power is vested in the General Assembly by article II, section 1, and its power is *supreme* on all such subjects unless limited by the Constitution. The control of the state's finances is *entirely* in the legislature, subject only to these constitutional limitations; and, except as thus restricted, is *absolute.* Unless expressly prohibited or otherwise directed by that instrument, *appropriations may be made for whatever purposes and in whatever amounts the law-making body finds desirable. The legislature in appropriating is supreme* within the limits of the revenue and moneys at its disposal". (Italics supplied.)

Regarding the priority of "ordinary expenses", the court said:

"A survey of the Constitution would indicate that the ordinary current expenses of government would be the expenses of the executive, judicial and legislative departments of government, and of public schools. It was the intention of the framers of the fundamental law to safeguard and protect these ordinary expenses; that the government might exist as such. Therefore, they have a preference or prior claim on all moneys of the Commonwealth over all other expenditures, ex-

penses, debts, or appropriations".

The court then concluded: "The balance of the general revenue, subject to constitutional limitations, is in the absolute and complete control of the General Assembly".

Since the General Assembly has the absolute power to make appropriations "for whatever purposes" and, subject to the debt limitation, "in whatever amounts" it finds desirable, it would have the same absolute power to make appropriations in the General Appropriations Act for such different periods of time as it deemed desirable, within the limits of revenues at its disposal.

2. There is no limitation in the Constitution restricting the General Appropriations Act to appropriations for only one fiscal year. As noted supra, the only limitation is found in article IX, sec. 4, which restricts appropriations to "revenue in hand or anticipated through a biennium", not to be exceeded by more than $1,000,000: Commonwealth ex rel. Schnader v. Liveright, supra, at page 66.

The fact that annual legislative sessions have now been established by a constitutional amendment to article II, sec. 4, does not affect the legislative powers and limitations, as construed by the Supreme Court in the Liveright case.

An examination of appropriation acts enacted by the legislature over many years discloses that some appropriations are for a specified period, whereas other appropriations do not limit the time within which the sums appropriated are to be used.

It is thus clear that the legislature has unlimited authority to make appropriations, provided always that the funds to supply such appropriations are derived from the revenues available during a specified fiscal period. It is not restricted as to the time during which such appropriations shall be paid or used. In other words, the legislature is limited in its authority to make

appropriations only by the amount of revenues on hand or anticipated during a specific fiscal period.

Accordingly, you are advised that the General Appropriations Act may contain items for ordinary expenses, interest and public schools, as provided in article III, sec. 15, of the Constitution, for more than one fiscal year, and appropriations for different periods of time within the revenue limits set forth in article IX, sec. 4, of the Constitution.